UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AREPA VENTURES, LLC
    d/b/a WORLD OF AUTO TINTING,

    Plaintiff,

                                  Case No.

vs.

THE WORLD OF AUTO TINTING CORP
and HUGO HERRERA,

    Defendants,

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN,
FLORIDA TRADEMARK INFRINGEMENT AND BREACH OF CONTRACT**

**NATURE OF THE ACTION**

1. This is a cause of action for false designation of origin and trademark infringement, predicated upon the usage by Defendants, The World of Auto Tinting, a Florida Corporation, and Hugo Herrera, an individual, of Plaintiff's service mark, WORLD OF AUTO TINTING, for a competing window tinting business, and breach of a settlement agreement between the parties. The two businesses, having the exact same name, are located within less than five (miles of each other in Miami-Dade County.

**JURISDICTION**

2. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, and other authority. Supplemental jurisdiction regarding related state claims is provided pursuant to 28 U.S.C. §1367(a). Venue is proper under 28 U.S.C.

§1391(b). The subject matter of the litigation is governed by 15 U.S.C. §1125 (the Lanham Act) as well as Chapter 495 *et. seq*. of the Florida Statutes.

## THE PLAINTIFF

3. The Plaintiff, Arepa Ventures, LLC d/b/a WORLD OF AUTO TINTING, is a Limited Liability Company of the State of Florida doing business at 2300 NW 17th Avenue Miami Florida 33142.

4. The predecessor in interest of Plaintiff, Arepa Ventures, LLC, World of Auto Tinting, Inc., was established in 1990 and did business in Miami under "WORLD OF AUTO TINTING" just three blocks from Plaintiff's present location. Plaintiff purchased the business, goodwill and trademark "WORLD OF AUTO TINTING" in 2014 and remained at the original location until it moved to its present address in 2022. Plaintiff filed for the fictitious name "WORLD OF AUTO TINTING" in 2014. The trademark has been in continuous use without interruption since at least 1990. Upon information and belief, Plaintiff's predecessor began using the mark in commerce as early as 1981.

5. Plaintiff is the owner of Florida Trademark Registration T25000001025 for "WORLD OF AUTO TINTING" (Exhibit 1).

6. Plaintiff (sometimes hereinafter "WORLD OF AUTO TINTING") provides the services of automotive, commercial and residential window tinting, application of safety and security window film, and more.

7. Plaintiff's services under the mark, WORLD OF AUTO TINTING, are offered in interstate commerce.

8. WORLD OF AUTO TINTING has established and developed an excellent business reputation for quality work and services over the multiple decades.

## THE DEFENDANTS

9. Individual Defendant Hugo Herrera was an employee of Plaintiff's predecessor, World of Auto Tinting, Inc., where he performed window tinting. When Plaintiff purchased World of Auto Tinting, Inc., Mr. Herrera continued to work at Plaintiff's business for four years. At both businesses, Mr. Herrera was the manager. Mr. Herrera was a W-2 salaried employee while employed by Plaintiff.

10. Upon information and belief, Hugo Herrera is a resident of Miami-Dade County.

11. Upon information and belief, for some time before the end of his employment with Plaintiff, Mr. Herrera began efforts to open his own competing window tinting business, which became the corporate Defendant in the instant action.

12. Ultimately, Mr. Herrera quit working for WORLD OF AUTO TINTING and fully opened his competing automotive, residential and commercial window tinting business using Plaintiff's well-known "WORLD OF AUTO TINTING" designation.

13. Herrera incorporated The World of Auto Tinting Corp in 2018. The World of Auto Tinting Corp (sometimes hereinafter "THE WORLD OF AUTO TINTING") is organized under the laws of the State of Florida having a principal business address at 1650 SW 27th Ave, Miami, FL 33145, less than five miles from Plaintiff.

14. Herrera is President of Defendant, THE WORLD OF AUTO TINTING, and upon information and belief, Herrera is the moving, active, conscious force directing the infringement by corporate Defendant, THE WORLD OF AUTO TINTING. (hereinafter THE WORLD OF AUTO TINTING and Hugo Herrera jointly "Defendants").

**THE INFRINGEMENT AND THE BREACH OF CONTRACT**

15. Corporate Defendant, THE WORLD OF AUTO TINTING is engaged in the business of automotive, residential and commercial window tinting.

16. WORLD OF AUTO TINTING and THE WORLD OF AUTO TINTING are legally identical trademarks and the identicality of the marks is creating confusion among the consumers of automotive, residential and commercial window tinting services. The close proximity of the two businesses furthers consumers' confusion.

17. Individual Defendant Herrera was fully aware of Plaintiff's trademark WORLD OF AUTO TINTING and its associated services when he opened his competing business.

18. Upon information and belief, individual Defendant Herrera knowingly chose THE WORLD OF AUTO TINTING to trade off the goodwill of his former employer's well-established and well regarded WORLD OF AUTO TINTING service mark.

19. As can be seen from the Parties' respective advertising, (Exhibit 2) the Parties engage in the same competing businesses.

20. Some of the bad reviews describing poor quality service from Hugo Herrera and THE WORLD OF AUTO TINTING appear on WORLD OF AUTO TINTING's Google Business Profile. (Exhibits 3 and 4) This harms Plaintiff's business reputation.

21. Herrera and THE WORLD OF AUTO TINTING are not in any way connected with, affiliated with or sponsored by Plaintiff's WORLD OF AUTO TINTING.

22. In 2018 the proprietor of Plaintiff, WORLD OF AUTO TINTING, requested that Hugo Herrera change the name of his business on more than one occasion. At the time, circumstances did not permit legal action. Since then, the instances of confusion have increased.

23. Actual confusion exists. As can be seen from Exhibit 2a, the names of the businesses, the services, and the close proximity of the businesses lead to customer confusion.

24. On October 1, 2025, a formal cease-and-desist letter was sent to Herrera. Exhibit 5. Herrera did not cease and desist. Between the earlier contacts in 2018 and the recent cease and desist letter, Herrera cannot claim to be an innocent infringer.

25. As a result of Plaintiff's follow up, in an email dated November 10, 2025, Defendants' attorney advised Plaintiff that Defendants were transitioning away from the disputed name, THE WORLD OF AUTO TINTING.

26. In the November 10, 2025 email, Defendants offered that in exchange for Plaintiff's forbearance in bringing suit, Defendants would transition to a new business name in stages. Various time frames were provided for changing the name in digital uses, printed materials, and corporate filings.

27. On November 14, 2025, Plaintiff accepted the offer in exact terms indicating that "we are in agreement with your timelines." The Parties entered a settlement agreement upon Plaintiff's acceptance of the offer.

28. Defendants' materially breached the settlement agreement. Each of the proffered deadlines has passed and Defendants have not transitioned away from use of the disputed name.

29. As of the date of this filing, Defendants' corporate name has not been changed with Florida's Division of Corporations, Defendant's business still appears in a Google search for "world of auto tinting," the Defendants' Yelp listing has not been changed, and Defendants' name still appears in social media.

30. Plaintiff has followed up with Defendants and received no response.

31. Defendants refuse to rectify the considerable market confusion and damage to Plaintiff which they have caused by their violations of the settlement agreement.

32. Herrera's attempts to capitalize off the goodwill associated with his former employers' service mark, WORLD OF AUTO TINTING, are knowing and intentional, calculated and willful. Herrera's refusal to cease-and-desist his infringing activities is equally willful and intentional.

33. There are strong policy reasons to award the Plaintiff injunctive relief in the instant case.

34. The public interest in preventing the deception of consumers seeking window tinting services is strong in this case.

35. The consumers' confusion over the legally identical name is heightened by the close proximity of the window tinting businesses to one another and the identical services offered.

36. The Defendants are preying upon the public's confusion between the two businesses and the instances of actual confusion are increasing.

37. The actual confusion must be stopped to protect the consuming public from having work performed by an unintended provider and no chance of confusion in the future should be tolerated.

38. The Defendants breached the settlement agreement that would have remedied the confusion and damage.

39. Hugo Herrera has unclean hands in intentionally selecting the identical business name for the same business in the same geographic area (i.e. same customer base). The equitable defense of laches should not bar injunctive relief against an intentional infringer. Plaintiff's

delay in bringing suit was due to financing not acquiescence and Plaintiff notified Defendants shortly after the infringement commenced.

40. If such infringing activity is permitted to continue, there will continue to be confusion and mistake in the minds of the public and in particular, the infringement will continue to falsely create the impression that THE WORLD OF AUTO TINTING of the Defendants is authorized, sponsored and/or approved by Plaintiff, WORLD OF AUTO TINTING, or, as has happened, that Plaintiff is the origin of services rendered by Herrera, when in fact it is not. Conversely, there may be reverse confusion with customers believing that Defendant corporation is the origin of services rendered by Plaintiff.

41. As a direct and proximate result of Defendant's illegal activities as alleged above, WORLD OF AUTO TINTING has suffered damage from consumer confusion. Unless Defendants are permanently restrained and enjoined from continuing their wrongful acts, the damage to Plaintiff, some of which is irreparable in nature, will increase.

42. Plaintiff is entitled to the equitable relief of a permanent injunction preventing Defendants from using the name WORLD OF AUTO TINTING as outlined in the Prayer for Relief.

**WHEREFORE**, Plaintiff sets forth its Causes of Action as follows:

## COUNT ONE
## VIOLATION OF THE LANHAM ACT, 15 U.S.C. 1125 (a)

43. Plaintiff, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 42.

44. Defendants, Herrera and THE WORLD OF AUTO TINTING, have used in commerce the name "THE WORLD OF AUTO TINTING" in connection with auto, residential and commercial window tinting services, which use is likely to cause confusion, mistake, or to

deceive as to the affiliation, connection or association of Defendants with Plaintiff as to the origin, sponsorship, or approval of Defendants' services, with full knowledge of the falsity of such designations, all to the detriment of Plaintiff, WORLD OF AUTO TINTING. In particular, the Defendants' window tinting service bearing the name THE WORLD OF AUTO TINTING constitutes false descriptions and representations tending falsely to describe or represent the origin of the services rendered by Defendants' business and/or falsely represent the affiliation, connection or association between the two window tinting businesses and has caused confusion in the minds of the purchasing public as to whether the Defendants' window tinting service is that of Plaintiff or Defendant.

45. Defendants' acts have directly and proximately resulted in harm to Plaintiff in the nature of confusion as to the source of services and/or upon information and belief, have diverted business from Plaintiff. Unless enjoined, the harm and damage to Plaintiff will continue.

46. Additionally, the consuming public will continue to be harmed by confusion absent an injunction.

47. Defendants' acts constitute false designation of origin in violation of Plaintiff's rights under Section 1125 (a) of the Lanham Act, 15 U.S.C. 1051 *et seq*., and unless Defendants are restrained from continuing their wrongful acts, as is authorized by 15 U.S.C. §1116, the damage to Plaintiff, which is irreparable, will increase.

48. Plaintiff has no adequate remedy at law.

**COUNT TWO**
**FLORIDA TRADEMARK INFRINGEMENT**

49. Plaintiff, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 42.

50. Defendants' unauthorized use of and infringement of Plaintiff's Florida Trademark Registration, Number T25000001025, for WORLD OF AUTO TINTING, in connection with Defendants' auto, residential and commercial window tinting services is in violation of Section 495.131 of the Florida Statutes. Defendants' use of and infringement of Plaintiff's WORLD OF AUTO TINTING trademark, which has been registered with the Florida Department of State, pursuant to Chapter 495, Florida Statutes, without permission or authority of Plaintiff, and with full knowledge of Plaintiff's trademark, constitutes the willful infringement of Plaintiff's rights within the meaning of Sections 495.131 and 495.141, Florida Statutes.

51. Such acts on the part of Defendants have caused, and/or if permitted will continue to cause, confusion or mistake in, and the deception of, the consuming public, as to the source of origin of Defendants' auto, residential and commercial window tinting services.

52. Such acts on the part of Defendants have caused, and if permitted, will continue to cause, irreparable harm to Plaintiff, unless enjoined by this Court.

## COUNT THREE
## BREACH OF CONTRACT

53. Plaintiff, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 42.

54. The settlement agreement is a valid and enforceable agreement between Plaintiff and Defendants.

55. Defendants have materially breached the settlement agreement by continuing to use the legally identical trademark THE WORLD OF AUTO TINTING in digital uses, printed materials, and corporate filings. To date Defendants promote and offer their services using THE WORLD OF AUTO TINTING.

56. Plaintiff performed its obligation by not filing a lawsuit during the proposed transition period.

57. Plaintiff has been damaged by Defendants' breach of the settlement agreement.

58. This breach of the settlement agreement has caused, and unless enjoined, will continue to cause irreparable harm to Plaintiff.

59. As a result of the breach, Plaintiff suffered damages. Plaintiff is entitled to recover all damages permitted by law including compensatory damages such as lost profits since the date of Defendants' breach.

60. As a result of the breach, Plaintiff is entitled to specific performance of the settlement agreement.

**WHEREFORE**, Plaintiff demands that this Court grants the following relief:

A. Adjudge that each of the Defendants, The World of Auto Tinting Corp and Hugo Herrera, personally, have caused confusion as to the affiliation with and/or sponsorship by Plaintiff in violation of Plaintiff's rights under 15 U.S.C. §1125 (a);

B. Adjudge that Plaintiff's trademark has been infringed as a direct and proximate result of Defendants' activities as set forth in this Complaint, in violation of Plaintiff's rights under Chapter 495 of the Florida Statutes;

C. Adjudge that the settlement agreement was breached.

D. Adjudge that the equitable relief of a Permanent Injunction be issued enjoining Defendants, their officers, agents, employees, attorneys, and others in privity with them from using the service mark "WORLD OF AUTO TINTING" or any other confusingly similar mark; from falsely representing themselves as being connected with Plaintiff through the use of the

name WORLD OF AUTO TINTING, or any other confusingly similar mark; and Order as follows:

    1.    Defendants, The World of Auto Tinting Corp and Hugo Herrera, personally, shall immediately cease using THE WORLD OF AUTO TINTING or any similar derivatives thereof, as a trademark in connection with window tinting services. This Injunction does not prevent Defendants' fair use of the word "auto" and/or the word "tint" or "tinting" in connection with describing the services of tinting.

    2.    Defendants shall not use WORLD OF AUTO TINTING, or any similar derivatives thereof, in business name registrations, corporate names, social media accounts and/or platforms, website domain names, advertising and marketing, on signage, on YouTube, public listings or business pages, Google, Google Business pages, Google Maps and in all other forms of advertising.

    3.    Defendants shall delete any listings, social media accounts, and advertising on the internet containing the designation WORLD OF AUTO TINTING, or any similar derivatives thereof, and assign to Plaintiff any URL's that have been associated with Defendant's business. Defendants shall not claim any Yelp listing associated with WORLD OF AUTO TINTING or any similar derivatives thereof.

    4.    Defendants shall cease any references that suggest that Defendants are associated with Plaintiff.

E.    Adjudge that Defendants provide specific performance of their settlement agreement offer and cease using THE WORLD OF AUTO TINTING, or any similar derivatives thereof, in Digital uses (Google Business Profile, website pages, social media bios/headers, new online ads); Printed materials & invoices; and Corporate filings.

  F. Adjudge that this case is exceptional and award Plaintiff its costs and attorney's fees pursuant to 15 U.S.C. §1117;

  G. Adjudge that Defendants be required to pay Plaintiff compensatory damages for injuries sustained by Plaintiff following Defendants' breach of contract and that such damages be trebled because of the continued willful acts after the breach;

  H. And afford whatever further relief this court may deem justified in the premises and upon a full trial and disposition of this action.

Dated: January 21, 2026         Respectfully submitted,

                 /s/ Robert M. Schwartz

                 Robert M. Schwartz, Esq.
                 Florida Bar No. 304018
                 ROBERT M. SCHWARTZ, P.A.
                 Attorney for Plaintiff
                 AREPA VENTURES, LLC
                 d/b/a WORLD OF AUTO TINTING
                 19790 West Dixie Highway
                 Suite 1118
                 Aventura, FL  33180
                 Tel: (954) 924-0707
                 Fax: (954) 924-0717
                 Email: litigation@patentmiami.com